UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| LIBERTARIAN PARTY OF NEW HAMPSHIRE, <br><br>and<br><br>JO JORGENSON<br><br>and<br><br>SPIKE COHEN,<br><br>and<br><br>DARRYL PERRY,<br><br>and<br><br>JUSTIN O'DONNELL<br><br>and<br><br>ZACK DUMONT<br><br>and<br><br>ANDREW OLDING,<br>    Plaintiffs,<br><br>v.<br><br>GOVERNOR CHRISTOPHER T. SUNNUNU<br>In his official capacity as Governor of the State of New Hampshire<br><br>and<br><br>WILLIAM GARDENER, in his official capacity as Secretary of State of the State of New Hampshire,<br>    Defendant | Civil Case No.: |

1

**Temporary Restraining Order and Preliminary Injunction Sought**

**COMPLAINT**

**INTRODUCTION**

1. This is an injunctive and declaratory judgment action seeking a determination that the required number of nomination papers to get on the ballot pursuant to NH RSA 655:42 as applied against the New Hampshire Libertarian party and its candidates during the COVID-19 Pandemic violates the Plaintiffs' rights under the First Amendment, and seeking appropriate preliminary and final injunctive relief.

**PARTIES**

2. The Libertarian Party of New Hampshire, is a political party affiliated with the Libertarian Party of the United States, and established in 1973.
3. Plaintiff, Jo Jorgenson, is the Libertarian Party nominee for President.
4. Plaintiff, Spike Cohen, is the Libertarian Party nominee for Vice President.
5. Plaintiff, Darryl Perry, is a resident of New Hampshire and the Libertarian Party nominee for the position of Governor.
6. Plaintiff, Justin O'Connell., is a resident of New Hampshire, and the Libertarian Party nominee for the position of Senator.

7. Plaintiff, Zack Dumont, is a resident of New Hampshire, and the Libertarian Party nominee for the United States House of Representatives for District 1.

8. Plaintiff, Andrew Olding, is a resident of New Hampshire, and the Libertarian Party nominee for the United States House of Representatives for District 2.

9. Defendant, Governor Christopher T. Sunnunu is the Governor of the State of New Hampshire, and is sued in his official capacity.

10. Governor Sunnunu has the authority to declare a State of Emergency and to exercise such powers as are necessary to secure the safety and protection of the civilian population. NH RSA 4:45.

11. Defendant, William Gardener, is the Secretary of State for the State of New Hampshire, and is sued in his official capacity.

12. The Secretary of State is responsible for prescribing the form of the nomination papers. NH RSA 655:40-a.

**JURISDICTION AND VENUE**

13. This court has federal question jurisdiction, 28 U.S.C. §§ 1331 and 1343, pursuant to 42 U.S.C. 1983 to determine whether, under the circumstances of the pandemic, Plaintiffs' First and Fourteenth Amendment Rights are being violated by the New Hampshire requirements relative to securing nomination papers in order to appear on the ballot. This Court has authority to enter declaratory and injunctive relief pursuant to 28 U.S.C. §2201 and §2202, and Rule 65 of the Federal Rules of Civil Procedure.

14. Venue is proper in this District as this case is a challenge to the constitutionality of New Hampshire law.

## **FACTS**

15. Under New Hampshire law, a candidate not affiliated with a party which has secured ballot access, must secure the nomination papers from 3,000 registered voters, including 1,500 from each congressional district, to be placed on the ballot for the positions of President, Vice President, United States Senator and Governor, and 1,500 voters for the position of United States Representative. RSA 655:42.
16. Each nomination paper must be signed by a person qualified to vote who has not signed a nomination paper for any other candidate for the same office. RSA 655:40.
17. The Libertarian party of New Hampshire has placed candidates for state-wide office on the ballot in every election cycle since at least 2008.
18. In most election cycles, it has secured positions on the ballot by gathering individual nomination papers.
19. It has primarily secured these signed nomination papers through door-to-door solicitations, and through solicitations at public meetings and other events as well as canvassing in front of major retailers.
20. All of these solicitation activities have involved person-to-person interactions in physical proximity of closer than six (6) feet both to communicate and exchange the necessary paperwork.

21. For the year 2020, Plaintiffs' planned to concentrate their solicitation activities during the Spring and Summer when the weather was more conducive to in-person solicitations, and after the Libertarian Party's national convention.
22. On March 13, 2020, Governor Christopher T. Sununu (Sununu), issued an order declaring a State of Emergency due to the Novel Coronavirus.
23. He extended the State of Emergency declaration by subsequent executive orders.
24. On March 23, 2020, Governor Sununu issued Emergency Order 16 prohibiting scheduled gatherings of ten (10) people or more with certain designated exceptions.
25. On March 26, 2020, Governor Sununu issued Emergency Order 17 -- closure of non-essential businesses and requiring Granite-Staters to stay at home.
26. All of the Emergency Orders are based on findings of the CDC that COVID-19 is commonly spread by close personal contact, and that all persons should maintain social distance from non-household members of at least six (6) feet.
27. The Secretary of State in setting up the select committee on 2020 Emergency Election support, has acknowledged the "unprecedented challenges to voting posed by the Coronavirus pandemic".
28. Based upon the medical facts and the Governor's orders, the Plaintiffs made the determination that any further canvassing for nomination petitions would a) be unsafe to the canvasser, b) be unsafe to the person canvassed, and c) would be contrary to the Governor's orders to stay at home when possible and not engage in close physical contact outside of the person's family group.

29. Even if Plaintiffs were to resume solicitations, they believe it highly unlikely that most voters would be willing to engage in the close physical contacts required to secure nomination petitions because of social distancing concerns.

30. Plaintiffs do not believe, based upon their experience, that solicitations by phone or email would be practical or cost effective.

31. It appears that the conditions of the pandemic requiring social distancing will last at least until the deadline for submission of nomination papers on August 3, 2020.

32. Plaintiffs attempted to negotiate with the State of New Hampshire for modifications in the nomination papers requirement taking into account the conditions of the pandemic.

33. The Governor has stated he is unwilling to negotiate because he would have a conflict of interest inasmuch as he anticipates that his name will be placed on the same ballot.

## COUNT I

### VIOLATION OF FIRST AMENDMENT RIGHTS OF SPEECH, PETITION AND ASSOCIATION AS INCORPORATED AND APPLIED TO THE STATES BY THE FOURTEENTH AMENDMENT

34. Plaintiffs' action in running for political offices as candidates of the Libertarian Party and supporting other candidates are protected by the First Amendment rights of Speech, Petitioning and Association.

35. The number of nomination papers required by RSA 655:42, as applied during the conditions of the pandemic, places an undue burden on these fundamental rights.

36. These requirements are not narrowly tailored to an important State interest.

37. Plaintiffs have demonstrated through the electoral history of the New Hampshire Libertarian Party candidates that they would have secured positions on the ballot in the absence of the pandemic.

**WHEREFORE,** the Plaintiffs respectfully requests that:

A. This Court declare RSA 655:42 as applied during the pandemic is in violation of Plaintiffs' constitutional rights.

B. This Court enter a temporary restraining order, preliminary and permanent injunctions enjoining the Defendants from denying Plaintiffs' positions on the election ballot as candidates of the Libertarian Party.

C. In the alternative, this court reduce the required number of nomination papers for each position by 90%.

D. This Court order Defendants to reimburse Plaintiffs for their reasonable attorneys' fees and expenses.

E. For such other relief as the Court deems just and proper.

Respectfully submitted,

Libertarian Party of
 New Hampshire

By It's attorneys,

Backus, Meyer & Branch, LLP

Dated: _____6/8/20_____ By: _____/s/ Jon Meyer_____
Jon Meyer, NH Bar # 1744
116 Lowell Street, P.O. Box 516
Manchester, NH 03105-0516
603-668-7272
[jmeyer@backusmeyer.com](mailto:jmeyer@backusmeyer.com)